UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Civil No.: 06-2007 (ADM/JJG)

Eng Yang,

       Petitioner,

v.

**REPORT AND RECOMMENDATION**

Alberto Gonzales, Attorney General,
Denise Frazier, District Director of USCIS
and Scott Baniecke, Field Office Director [of]
Immigration Customs Enforcement,

       Respondents.

JEANNE J. GRAHAM, United States Magistrate Judge

The above-entitled matter is before the Court on Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241(Doc. No. 1). Mr. Yang has been in continuous detention since August 12, 2005, pursuant to a Warrant for Removal issued by the Bureau of Immigration and Customs Enforcement. Mr. Yang's § 2241 petition contests his continued detention while he awaits removal from the United States. The case has been referred to the undersigned pursuant to 28 U.S.C. § 636 and D. Minn. LR 72.1.

Following the submission of Respondents' response to this Court's Show Cause Order, the undersigned, in an Order dated October 18, 2006, directed Respondents to effectuate the removal of Mr. Yang on or before October 31, 2006, or file with this Court a supplemental response showing cause for Mr. Yang's continued detention. On October 31, 2006, Respondents filed a supplemental response informing the Court that Mr. Yang's removal had not yet occurred. Respondents stated that while they continue to make every effort to effectuate Mr. Yang's removal, the Government of Laos has yet to issue

travel papers to enable his removal.  Respondents further indicated they can no longer anticipate when such travel papers will be issued.  Consequently, Respondents report that a Release Notification was issued on October 30, 2006, by the U.S. Immigration and Customs Enforcement directing that Mr. Yang be released from detention pending his removal from the United States.

The exercise of judicial authority requires the presence of a case or controversy.  U.S. Const. art. III, § 2, cl. 1.  One component of the case or controversy requirement is that "the plaintiff must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (emphasis added).  The only exception to the redressibilty requirement is where "some concrete and continuing injury . . . some 'collateral consequence' of the conviction" is present. *Id.*

The Court finds that, because Petitioner has been released from detention pending his removal from the United States, is not possible for this Court to grant the Petitioner the relief he requested in his petition.  Thus, there is no longer a case or controversy to litigate, no concrete and continuing injury exists.  Accordingly, the undersigned recommends that this case and Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241(Doc. No. 1) be dismissed as moot.

Dated: December 21, 2006            s/Jeanne J. Graham
                                    ───────────────────────────────
                                    Jeanne J. Graham
                                    United States Magistrate Judge

Pursuant to D. Minn. LR 72.2(b), any party may object to this Report and Recommendation by filing and serving specific, written objections by January 11, 2007.  A party may respond to the objections within ten days after service thereof.  Any objections or responses filed under this rule shall not exceed 3,500 words.  A District Judge shall make a de novo determination of those portions to which objection is made. Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the United States Court of Appeals for the Eighth Circuit.